UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   22-CR-20209-MOORE/LOUIS

UNITED STATES OF AMERICA

vs.

RICARDO RODRIGUEZ-OTERO,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Ricardo Rodriguez-Otero (hereinafter referred to as the "defendant") enter into the following agreement:

1.  The defendant agrees to plead guilty to count 2 of the indictment, which count charges the defendant with distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

2.  This Office agrees to seek dismissal of counts 1 and 3 of the indictment after sentencing.

3.  The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The

1

defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court must impose a minimum term of imprisonment of five (5) years and may impose a statutory maximum term of imprisonment of up to forty (40) years, followed by a term of supervised release of at least four (4) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $5,000,000 and may order forfeiture and restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses

2

committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States and the defendant agree that at the time of sentencing, although not binding on the probation office or the Court, they will jointly recommend that, pursuant to Section 5C1.2 of the Sentencing Guidelines, the Court impose a sentence within the Sentencing

3

Guidelines range without regard to any statutory minimum sentence identified in paragraph 4 above, provided that:

(a) the defendant does not have:

1. more than four Criminal History points, excluding any Criminal History points resulting from a 1-point offense, as calculated under the Sentencing Guidelines;

2. a prior offense earning three points as calculated under the Sentencing Guidelines; and

3. a prior violent offense (as defined in 18 U.S.C. § 16) earning two points as calculated under the Sentencing Guidelines;

(b) the defendant did not use violence or credible threats of violence or possessed a firearm or other dangerous weapon (or induced another participant to do so) in connection with the offense;

(c) the offense did not result in death or serious bodily injury to any person;

(d) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise; and

(e) not later than the time of the sentencing hearing, the defendant has truthfully provided to this Office all information and evidence that the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

9. Provided that the defendant satisfies the criteria in paragraph 8, in exchange for the defendant's express agreement that he will not later seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) in the event the Commission amends Section 5C1.2 to conform to the safety-valve criteria in the current version of 18 U.S.C. § 3553(e) under the First Step Act of 2018 and makes any such amendment retroactive, this Office will not object to a downward variance of two

4

levels from the guideline range calculated under the current Guidelines Manual (to reflect the 2-level reduction currently contemplated in 2D1.1(b)(18)). However, if the Court does not grant the two-level variance requested on the basis of the proposed amendment, then the Defendant shall be released from the above-described agreement relating to 18 U.S.C. § 3582(c). This Office remains free to oppose a variance sought on any other grounds. The Defendant understands and agrees that this provision is not binding on the Court or the Probation Office, and that the Court remains free to deny any variance requested by either party or jointly.

10. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his/her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

11. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 841 and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, pursuant to 21 U.S.C. § 853.

5

12. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

13. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

14. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty

regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

15. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 9/7/22    By: _____
MARX P. CALDERÓN
ASSISTANT UNITED STATES ATTORNEY

Date: 9/7/22    By: _____
DAVID A. DONET
ATTORNEY FOR THE DEFENDANT

Date: 9/7/22    By: _____
RICARDO RODRIGUEZ-OTERO
DEFENDANT